Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
Since there was no lay testimony to be offered before the Deputy Commissioner, there was no hearing and the parties submitted a pre-trial agreement, stipulated facts and the deposition transcripts of Dr. Joseph Moretz and Dr. Jerry Watson.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. All of the parties are subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act.
2. On November 8, 1991, an employer/employee relationship existed between the parties.
3. Bryant Church Hardwoods was a duly qualified self-insured entity during all time periods relevant to this claim.
4. The deceased employee, Larry Coffey (hereafter "deceased"), was employed by the defendant, Bryant Church Hardwoods, as a forklift operator and foreman.
5. On November 8, 1991, the deceased employee suffered a compensable injury by accident to his left leg and foot when a piece of lumber fell from a forklift and hit the deceased on his foot.
6. The parties entered into a Form 21 Agreement in which the employer accepted liability for the injury to employee's left foot, and agreed to pay compensation at the rate of $201.01 per week for necessary weeks, beginning on November 8, 1991. This Agreement was approved by the North Carolina Industrial Commission on October 4, 1994.
7. Deceased was treated by Dr. Jerry F. Watson, a general surgeon in Wilkesboro, North Carolina. Dr. Watson had previously treated the deceased for another work-related injury to his left foot which occurred in 1988. As a result of this 1988 injury, the deceased sustained a twenty-five percent (25%) impairment to the left foot. When the deceased sought treatment for his 1991 injury it was determined that he had been suffering from diabetes mellitus for two years. Apparently the deceased had not seen a physician or taken any insulin for the condition for a year and a half prior to the accident of November 8, 1991.
8. As a result of his, compensable injury, the deceased underwent an amputation of his left foot, left fifth metatarsal on December 5, 1991. A Chopart amputation of the foot was performed on June 4, 1992. When the deceased continued to have problems with his foot, a below-the-knee amputation of his left leg was performed on July 14, 1992. The deceased was fitted with a prothesis for his left leg.
9. On October 27, 1992, Dr. Watson provided the deceased with a seventy percent (70%) permanent partial disability rating to the left leg.
10. On October 5, 1993, the deceased was examined by Dr. J. Alfred Moretz, an orthopaedic surgeon, for the purpose of providing the deceased with an impairment rating. At that time Dr. Moretz felt that the deceased's leg had healed nicely, and he provided the deceased with an impairment rating of seventy-five percent (75%) of the left leg. When informed at the deposition that the North Carolina Industrial Commission's Guidelines provided that an amputation of the leg below the knee was to be considered one-hundred percent (100%) disability to the foot, Dr. Moretz gave as his opinion that this rating should have been given to the deceased's foot.
11. The parties entered into a Form 26 Agreement for temporary partial disability compensation in varying weekly amounts for the period the deceased worked between June 8, 1993 and January 19, 1995. This agreement was approved by the Industrial Commission on October 31, 1994.
12. The deceased returned to light duty work at Bryant Church Hardwoods on June 8, 1993. He continued working there and drawing temporary partial disability compensation until January 19, 1995, when the job he was performing was eliminated.
13. On August 16, 1993, Dr. Watson revised his impairment rating to eighty percent (80%) of the left leg. According to the doctor, the new rating was based upon the fact that the deceased was not ambulating as well as he expected with the prosthesis. In Dr. Watson's opinion, August 16, 1993 was the date upon which the deceased reached maximum medical improvement.
14. On May 9, 1994, Dr. Watson again evaluated the deceased's leg. At that time he felt that the deceased's condition had not changed since August 16, 1993, and reiterated his opinion that the deceased had an eighty percent (80%) impairment to his leg as a result of his injury by accident.
15. Dr. Watson continued to treat the deceased for various conditions until his death in December of 1996. It was the doctor's opinion that there was no change in the deceased's left leg condition between August of 1993 and the time of his death.
16. The deceased died on December 16, 1996 for reasons unrelated to his compensable injury by accident of November 1991. After issuance of the Deputy Commissioner's Opinion and Award, Argie W. Coffey qualified as Administratrix of her husband's estate and has been substituted as the named plaintiff in this claim.
17. The evidence shows that the deceased reached maximum medical improvement on August 16, 1993, so the most favorable remedy available to the deceased (based on an election between G.S. § 97-29 and § 97-31), was to take permanent total compensation pursuant to § 97-29, which is what the deceased elected to do. No matter what measure of impairment is used, whether it is 75% or 80% to the leg or 100% of the foot, by the time of the deceased's death on December 16, 1996, the permanent impairment rating would have been paid in full had the deceased elected benefits under G.S. § 97-31.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
Having elected benefits under G.S. § 97-29 prior to his death, no additional disability compensation is due to the deceased employee's estate as a result of his injury by accident of November 8, 1991. G.S. § 97-29.
***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. The claim for additional workers' compensation benefits is DENIED.
2. Each side shall bear its own costs.
This the ___ day of June, 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
LKM/bjp